Lynda T. Bui - Bar No. 201002
Rika M. Kido - Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:  (949) 340-3000
Email:    LBui@shulmanbastian.com
         RKido@shulmanbastian.com

Attorneys for Charles W. Daff,
Chapter 7 Trustee

FILED & ENTERED

MAR 06 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY hawkinso DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**CORONA - COLLEGE HEIGHTS ORANGE AND LEMON ASSOCIATION,**<br><br>Debtor. | Case No. 6:25-bk-14552-RB<br><br>Chapter 7<br><br>**ORDER:**<br><br>**(1) APPROVING THE SALE OF REAL PROPERTY AND PERSONAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §§ 363(b)(1) AND (f), SUBJECT TO OVERBIDS, COMBINED WITH NOTICE OF BIDDING PROCEDURES AND REQUEST FOR APPROVAL OF THE BIDDING PROCEDURES UTILIZED;**<br><br>**(2) APPROVING PAYMENT OF REAL ESTATE COMMISSION;**<br><br>**(3) DETERMINING THAT THE PROPOSED BUYER IS A "GOOD FAITH PURCHASER" UNDER 11 U.S.C. § 363(m); AND**<br><br>**(4) GRANTING RELATED RELIEF**<br><br>**Hearing**<br>Date:    March 3, 2026<br>Time:    11:00 a.m.<br>Place:   Courtroom 303<br>         United States Bankruptcy Court<br>         3420 Twelfth Street<br>         Riverside, CA 92501 |

The *Motion for Order: (1) Approving the Sale of Real Property and Personal Property of the Estate Free and Clear of Liens Pursuant to 11 U.S.C. §§ 363(b)(1) and (f), Subject to Overbids, Combined With Notice of Bidding Procedures and Request for Approval of the Bidding Procedures Utilized; (2) Approving Payment of Real Estate Commission; (3) Determining that the Proposed Buyer is a "Good Faith Purchaser" Under 11 U.S.C. § 363(m); and (4) Granting Related Relief* (docket number 58) ("Motion")[1] filed by Charles W. Daff, the Chapter 7 trustee for the bankruptcy estate ("Estate") of Corona - College Heights Orange and Lemon Association ("Debtor") came on for regular hearing on February 24, 2026, the Honorable Magdalena Reyes Bordeaux, United States Bankruptcy Judge presiding.

Rika M. Kido of Shulman Bastian Friedman Bui & O'Dea LLP appeared on behalf of the Trustee, who was also in attendance. All other parties appeared as reflected on the Court's record.

The Court, having considered the Motion, including the Declaration of Charles W. Daff ("Daff Declaration") and exhibits attached thereto, the Notice of Sale of Estate Property (docket number 59), including the exhibits attached thereto, the Declaration of Simon Sihota in support of the Motion (docket number 63), Stipulation to Hold Funds in Reserve from Sale of Dinuba Property (docket number 67) ("First Stipulation") and Order approving same (docket number 69), Stipulation to Hold Additional Funds in Reserve from Sale of Dinuba Property (docket number 70) ("Second Stipulation") and Order approving same (docket number 72), the arguments and representations of counsel, and record in this case; the Court having found that proper notice has been given; and it appearing that the relief requested by the Motion is in the best interests of the Estate and its creditors; and good cause having been shown, and based on the findings of fact and conclusions of law which were presented on the record at the hearing, it is

ORDERED as follows:

1. The Motion is granted;

///

///

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion.

2.  The sale of the real property commonly known as 2.57± acres located at 225 West Tulare Street, Dinuba, California 93618, APN: 017-010-003 and 042 ("Dinuba Property") and all personal property, including bins, packing materials, packing equipment, sorters, sizers, and furniture, located at the Dinuba Property ("Dinuba Equipment," collectively with Dinuba Property, the "Dinuba Plant") is approved and the Trustee is authorized to sell the Dinuba Plant to Simon Sihota or his assignee ("Buyer") for the sum of $1,500,000.00.

3.  The sale of the Dinuba Plant to the Buyer shall be on the terms and conditions substantially similar to the Commercial Purchase Agreement and Joint Escrow Instructions and related addenda (collectively the "Agreement").  The Dinuba Property is legally described as follows:[2]

> PARCEL 1: (A PORTION OF APN: 017-010-003)
>
> BEGINNING AT THE INTERSECTION OF THE SOUTHEASTERLY LINE OF MERCED STREET EXTENDED SOUTHWESTERLY WITH THE SOUTHWESTERLY LINE OF "M" STREET IN SAID CITY OF DINUBA, AS SAID STREETS ARE SHOWN ON THE OFFICIAL MAP OF THE CITY OF DINUBA, COUNTY OF TULARE, STATE OF CALIFORNIA, THENCE SOUTHEASTERLY, ALONG SAID SOUTHWESTERLY LINE OF "M" STREET, ALSO THE NORTHEASTERLY LINE OF THE RIGHT OF WAY OF THE SOUTHERN PACIFIC RAILROAD COMPANY, A DISTRICT OF 880 FEET, MORE OR LESS, TO A POINT IN THE SOUTHWESTERLY EXTENSION OF THE NORTHWESTERLY LINE OF TULARE STREET; THENCE SOUTHWESTERLY ALONG LAST SAID SOUTHWESTERLY EXTENSION, 98.00 FEET TO A POINT IN A LINE PARALLEL WITH AND DISTANCE 52 FEET NORTHEASTERLY AT RIGHT ANGLES, FROM CENTER LINE OF MAIN TRACT OF THE SOUTHERN PACIFIC RAILROAD COMPANY; THENCE NORTHWESTERLY ALONG SAID PARALLEL LINE AND PARALLEL WITH THE SOUTHWESTERLY LINE OF "M" STREET, A DISTANCE OF 880 FEET, MORE OR LESS, TO A POINT IN SAID SOUTHWESTERLY EXTENSION OF THE SOUTHEASTERLY LINE OF MERCED STREET; THENCE NORTHEASTERLY ALONG LAST SAID SOUTHWESTERLY EXTENSION, A DISTANCE OF 98.00 FEET TO THE POINT OF BEGINNING.
>
> PARCEL 2: (PORTION OF APN: 017-010-003)
>
> THE PORTION OF "M" STREET RIGHT OF WAY PER MAP OF THE TOWNSITE OF DINUBA, RECORDED IN VOLUME 3, OF MAPS AT PAGE 15, OF TULARE COUNTY RECORDS, IN THE CITY OF DINUBA, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

---

[2] The legal description for the Property is believed to be accurate but may be corrected or updated by the title company in the transfer documents as necessary to complete the proposed sale transaction.

BEGINNING AT THE INTERSECTION OF THE SOUTHWESTERLY RIGHT OF WAY LINE OF "M" STREET PER SAID MAP OF THE TOWNSITE OF DINUBA WITH THE NORTHWESTERLY RIGHT OF WAY LINE OF TULARE STREET; THENCE SOUTHWESTERLY ALONG SAID NORTHWESTERLY RIGHT OF WAY LINE, 6.33 FEET; THENCE NORTHWESTERLY AND PARALLEL WITH THE SOUTHWESTERLY RIGHT OF WAY LINE OF "M" STREET, 260.00 FEET; THENCE NORTHEASTERLY PARALLEL WITH SAID NORTHWESTERLY RIGHT OF WAY LINE, 6.33 FEET TO THE SOUTHWESTERLY RIGHT OF WAY LINE OF "M" STREET; THENCE SOUTHEASTERLY ALONG SAID SOUTHWESTERLY RIGHT OF WAY LINE, 260.00 FEET TO THE POINT OF BEGINNING.

PARCEL 3: (APN: 017-010-042)

ALL THAT PORTION OF THE NORTHWEST QUARTER OF SECTION 17, TOWNSHIP 16 SOUTH, RANGE 24 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE CITY OF DINUBA, COUNTY OF TULARE, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

COMMENCING AT THE INTERSECTION OF THE SOUTHEASTERLY LINE OF MERCED STREET AND THE SOUTHWESTERLY LINE OF "M" STREET IN SAID CITY OF DINUBA, AS SAID STREETS ARE SHOWN ON THE OFFICIAL MAP OF THE CITY OF DINUBA; THENCE SOUTHWESTERLY ALONG THE SOUTHEASTERLY LINE OF SAID MERCED STREET, A DISTANCE OF 98.00 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTHEASTERLY AND PARALLEL WITH THE SAID SOUTHWESTERLY LINE OF "M" STREET, A DISTANCE OF 880.00 FEET, MORE OR LESS, TO A POINT IN THE SOUTHWESTERLY EXTENSION OF THE NORTHWESTERLY LINE OF TULARE STREET; THENCE SOUTHWESTERLY ALONG THE NORTHWESTERLY LINE OF SAID TULARE STREET, A DISTANCE OF 27.00 FEET TO A POINT IN A LINE PARALLEL WITH SAID DISTANCE 25.00 FEET NORTHEASTERLY AT RIGHT ANGLES, FROM CENTER LINE OF MAIN TRACK OF THE SOUTHERN PACIFIC TRANSPORTATION COMPANY; THENCE NORTHWESTERLY ALONG SAID PARALLEL LINE AND PARALLEL WITH THE SOUTHWESTERLY LINE OF "M" STREET, A DISTANCE OF 880.00 FEET, MORE OR LESS, TO A POINT IN SAID SOUTHWESTERLY EXTENSION OF THE SOUTHEASTERLY LINE OF MERCED STREET; THENCE NORTHEASTERLY ALONG SAID SOUTHEASTERLY LINE OF MERCED STREET, A DISTANCE OF 27.00 FEET TO THE TRUE POINT OF BEGINNING.

EXCEPTING THEREFROM ALL MINERALS AND MINERAL RIGHTS, INTEREST AND ROYALTIES, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL OIL, GAS, SULFUR, IRON ORE, COAL, LIGNITE, URANIUM, LIMESTONE, BUILDING STONE, CALICHE, GRAVEL, SAND, HYDROCARBON SUBSTANCES, AS WELL AS METALLIC OR OTHER SOLID MINERALS AND ALL OTHER MINERALS (WHETHER OR NOT OF LIKE KIND OR CHARACTER) IN AND UNDER THE PROPERTY, BUT WITH THE RIGHT OF FOR ANY PURPOSE WHATSOEVER TO ENTER UPON, IN TO OR THROUGH THE SURFACE OF THE PROPERTY, AS RESERVED BY SOUTHERN PACIFIC TRANSPORTATION COMPANY, A DELAWARE CORPORATION IN DEED RECORDED DECEMBER 9, 1997 AS INSTRUMENT NO. 1997-086501 OF OFFICIAL RECORDS.

///

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4. The sale of the Dinuba Plant is on an as-is, where-is basis, without any warranties or representations of any kind, expressed, or implied, being given by the Trustee, concerning the condition of the Dinuba Plant or the quality of the title thereto, or any other matters relating to the Dinuba Plant as of the Closing Date.

5. The Trustee is authorized, empowered, and directed to: (a) perform under, consummate, and implement the Agreement, and any modification as set forth at the time of the hearing; (b) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the sale and settlement transactions contemplated thereby; (c) take all further actions as may be necessary or appropriate for the purposes of assigning, transferring, granting, conveying, encumbering or transferring the Dinuba Plant as contemplated by the Agreement; and (d) take such other and further steps as are contemplated by the Agreement or reasonably required to fulfill the Trustee's obligations under the Agreement, all without further order of the Court.

6. The sale of the Dinuba Property shall be free and clear of all claims, liens, and interests pursuant to 11 U.S.C. §§ 363(f), with liens not satisfied through the sale attaching to the sale proceeds with the same force, effect, validity, and priority as such liens or interests had with respect to the Dinuba Plant prior to the sale, pending agreement with the lienholder or further Court order, including the following:

    a. CoBank Lien recorded on April 6, 2017, Instrument No. 2017-0019122 of Official Records of Tulare County, California;

    b. Certificate of Lien in the amount of $16,711.08, recorded on September 25, 2018, Instrument No. 2018-0054441; and

    c. Certificate of Lien in the amount of $13,312.37, recorded on September 24, 2025, Instrument No. 2025-0048550.

7. The sale of the Dinuba Equipment shall be free and clear of all claims, liens, and interests pursuant to 11 U.S.C. §§ 363(f), with CoBank's lien to be deemed released against the Dinuba Equipment on the Closing Date and with liens not satisfied through the sale attaching to the

sale proceeds with the same force, effect, validity, and priority as such liens or interests had with respect to the Dinuba Equipment prior to the sale.

8.  The Trustee and/or A&A Escrow (Antonia Delgado) are authorized to pay all reasonable costs of sale through escrow on the sale of the Dinuba Plant: (i) all real property taxes, (ii) escrow fees, title insurance, and other costs of sale to be split between the Buyer and the Estate in the manner customary in Tulare County, California, (iii) real estate commission not to exceed five percent (5%), and (iv) all amounts owed on the CoBank Lien (as agreed upon).

9.  The Trustee is authorized to deposit in the Estate's general operating account the CoBank Carve-Out, which shall constitute property of the Estate.

10.  The Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m) and, as such, is entitled to all the protections afforded under Section 363(m).

11.  The sum of $112,767.59 shall be held back by escrow from the net proceeds of the sale of the Dinuba Plant and shall only be released upon agreement of the parties to the First Stipulation or further Court order.

12.  The sum of $294,231.22 shall be held back by escrow from the net proceeds of the sale of the real property located at Dinuba Plant and shall only be released upon agreement of the parties to the Second Stipulation or further Court order.

13.  The Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of the Agreement; and (b) to resolve any disputes arising under or related to this order.

###

Date: March 6, 2026

*Magdalena Reyes Bordeaux*
Magdalena Reyes Bordeaux
United States Bankruptcy Judge